```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
JOHN CAVANAGH                       )
                                    )
          Petitioner,               )
                                    )
                                    )
     v.                             )   C.A. No. 19-543 WES
                                    )
STATE OF RHODE ISLAND,              )
                                    )
          Respondent.               )
_____ )
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge.

Before the Court is John Cavanagh's Petition for Writ of Habeas Corpus by a Person in State Custody ("Oct. 2019 Habeas Pet."), ECF No. 1.[1]  The State of Rhode Island has filed a Motion to Dismiss ("Dec. 2019 Mot. to Dismiss"), ECF No. 4.  For the reasons set forth below, the Motion is GRANTED and the Petition is DENIED and DISMISSED.

I.   Background

On November 19, 2014, a Kent County Superior Court jury convicted Cavanagh of one count of first-degree sexual assault and four counts of second-degree child molestation.  Feb. 26,

---

[1] The petitioner's last name is inconsistently spelled throughout state and federal court filings, appearing sometimes as "Cavanaugh" and other times as "Cavanagh."  The Court here uses the latter spelling in conformity with the caption.

2019 Mem. in Supp. of State's Mot. to Dismiss ("Feb. 2019 Mem.") 1, ECF No. 4-1. He received a life sentence for the count of sexual assault and concurrent ten-year sentences, suspended with probation, for the counts of child molestation. Id. at 1-2.

Cavanagh appealed his conviction to the Rhode Island Supreme Court. See State v. Cavanaugh, 158 A.3d 268 (R.I. 2017). He contended that the trial justice erred by allowing the prosecutor to inquire on cross-examination into Cavanagh's failure to produce his wife and son as exculpatory witnesses, and then to reference this failure in closing arguments, thus shifting the burden of evidence production. Id. at 274, 276-77. Cavanagh further maintained that the trial justice wrongly denied his two motions to pass the case and issued insufficiently curative cautionary instructions to the jury. Id. at 271-72. Next, Cavanagh argued that the trial justice abused his discretion under Rhode Island Rules of Evidence 402, 403, and 404(b) by permitting the complainant to testify that she once saw Cavanagh sexually assault another girl, whom the prosecution could not locate. Id. at 279. Finally, Cavanagh asserted that the trial justice improperly denied his motion for acquittal on two counts of child molestation because the victim's testimony did not expressly substantiate the "sexual contact" element of the crime. Id. at 282. The Rhode Island Supreme Court rejected Cavanagh's arguments and affirmed his

2

convictions on April 28, 2017. Id. at 283.

On November 1, 2017, Cavanagh filed for post-conviction relief ("PCR") under R.I. Gen. Laws § 10-9.1-1.[2] Feb. 2019 Mem. 2. Cavanagh reiterated several of the issues raised on direct appeal: admission of prior bad act testimony, the prosecutor's statements about his wife and child, and insufficiently curative jury instructions; he also brought forth two new arguments: ineffective assistance of counsel and "bolstering" on the part of a testifying detective. See generally State's App., Mem. in Supp. of Appl. for Post-Conviction Relief ("PCR Mem."), ECF No. 6-2.

In January 2019, Cavanagh filed with the Court a pro se application for a writ of habeas corpus. See Jan. 2019 Pet. for Writ of Habeas Corpus, No. 19-cv-00011-WES-LDA, ECF No. 3. The State moved to dismiss, arguing that Cavanagh had not exhausted his state court remedies, as required by 28 U.S.C. § 2254(b)(1)(A), either because he had not taken his claims to the state's highest court, or because he had not forthrightly presented the federal question. Feb. 2019 Mem. at 2-6. The Court determined that Cavanagh had not exhausted his state court

---

[2] Excepting Cavanagh's appellate brief, all his post-conviction filings — the PCR application and supporting memorandum, the January 2019 application for habeas corpus, and the instant application for habeas corpus — were composed and submitted pro se. These handwritten documents are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

3

remedies; therefore, his habeas application was dismissed on August 15, 2019.  See Aug. 15, 2019 Text Order, No. 19-00011-WES-LDA.

The Rhode Island Superior Court denied Cavanagh's PCR application on June 12, 2019.  Dec. 4, 2019 Mem. in Supp. of State's Mot. to Dismiss ("Dec. 2019 Mem.") 2, ECF No. 4.

Some four months later, on October 16, 2019, Cavanagh filed with the Court the instant habeas petition.[3]  Cavanagh argues: first, that the trial justice abused his discretion by admitting prior bad act testimony from the complaining witness; second, that the prosecutor impermissibly told the jury that Cavanagh had instructed his wife and son not to testify, and that such instruction was not indicative of innocence; third, that the trial justice issued inadequate cautionary instructions concerning the prosecutor's supposedly prejudicial questions and statements; and fourth, that assistance of counsel was ineffective.  Oct. 2019 Habeas Pet. 6-11.

The State has moved to dismiss Cavanagh's new petition, arguing that Cavanagh has yet to exhaust his state court remedies because he can still petition the Rhode Island Supreme

---

[3] 28 U.S.C. § 2244(b)(1) requires that a "second or successive" application be dismissed.  However, where, as here, a prior application is dismissed for failure to exhaust state remedies, and not on the merits, the application is not treated second or successive.  See Pratt v. United States, 129 F.3d 54, 60 (1st Cir. 1997).

4

Court to review the Superior Court's denial of his PCR application, per R.I. Gen Laws § 10-9.1-9. Dec. 2019 Mem. at 2-3.[4]

II. Discussion

The writ of habeas corpus is a "vital instrument for the protection of individual liberty." Boumediene v. Bush, 553 U.S. 723, 743 (2008). However, the exercise of this privilege by state prisoners in a federal forum is not a given. Under our federal system, "it would be unseemly . . . for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." Rose v. Lundy, 455 U.S. 509, 518 (1982). Therefore, the ability of state prisoners to enjoy habeas relief in federal court requires that the petitioner first "exhaust[] the remedies available in the courts of the State."[5] 28 U.S.C. §

---

[4] The State also argues that Cavanagh's claims are meritless. Dec. 2019 Mem. at 3. However, the Court prescinds from an analysis of the merits because the petition must be dismissed for failure to exhaust state court remedies, as will be explained below.

[5] To avoid unnecessarily disturbing the decisions of state courts, and thus impugning the authority of those tribunals, the exhaustion doctrine is disregarded only in "exceptional circumstances," Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002), where state remedies are "unavailable or seriously inadequate," Ex parte Hawk, 321 U.S. 114, 118 (1944). There is no suggestion that such exceptional circumstances are at play

2254(b)(1)(A).

State court remedies are not exhausted so long as the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Simply put, state courts are entitled to "one full opportunity to resolve any constitutional issues," meaning that individuals must run through "one complete round of the State's established appellate review process" before seeking recourse in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Furthermore, exhaustion requires that a claim be "fairly presented to the state courts." Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). A petitioner fairly presents a claim by framing it so that a "reasonable jurist" would apprehend that the issue implicates the laws, treaties, or Constitution of the United States. Jaynes v. Mitchell, 824 F.3d 187, 192 (1st Cir. 2016) (quoting Sanchez v. Roden, 753 F.3d 279, 294 (1st Cir. 2014)). A petitioner can meet this requirement by, among other things, citing the Constitution, identifying a constitutional right, advancing a state law claim tantamount to a constitutional claim, or referencing state decisions rooted in federal law.

---

here. Thus, the question is simply whether Cavanagh has exhausted his state court remedies.

Id. (citing Sanchez, 753 F.3d at 294).

In short, state court remedies are not exhausted where there is a procedural deficiency because the petitioner has failed to run the full course of the normal appellate process, or where there is a formal deficiency because the petitioner has failed to express claims so as to unambiguously invoke the laws, treaties, or Constitution of the United States.

    A.   Ineffective Assistance of Counsel

Unlike his other claims, which were brought before the Rhode Island Supreme Court on direct appeal, Cavanagh first raised the issue of ineffective assistance of counsel in his PCR application. See generally PCR Mem. Although Rhode Island Superior Court has denied Cavanagh's application for PCR, he has yet to ask the Rhode Island Supreme Court for review via a petition for writ of certiorari. Dec. 2019 Mem. 3. Since Cavanagh can still appeal the denial of his PCR application under R.I. Gen. Laws § 10-9.1-9, he has not exhausted his state court remedies as to these claims. See O'Sullivan, 526 U.S. at 845 (holding exhaustion requires pursuing "discretionary review in the State's highest court").

    B.   Evidentiary Rulings and Prosecutor's Statements

Although the other claims in the petition were presented to the Rhode Island Supreme Court on direct appeal, they were not framed so as to expressly signal a controversy concerning the

7

law, treaties, or Constitution of the United States. See Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988) ("[T]he federal question must be plainly defined.").

Cavanagh's claim that the trial justice abused his discretion by refusing to exclude prior bad act testimony was predicated on state evidentiary rules, primarily 404(b), and related caselaw. See State's App., Br. Of Def.-Appellant to R.I. Supreme Ct. ("Pet.'s R.I. Supreme Ct. Br.") 23-32, ECF No. 6-3. The fact that these rules have close analogues in the Federal Rules of Evidence does not mean that Cavanagh presented a recognizable question of federal law. See Coningford v. Rhode Island, 640 F.3d 478, 483 (1st Cir. 2011). His brief to the Rhode Island Supreme Court offered no forthright and deliberate constitutional argumentation, but rather articulated the issue as an abuse of discretion, citing state court decisions concerned with evidentiary law, not federal constitutional law.[6] See Pet.'s R.I. Supreme Ct. Br. at 24-32. Therefore, Cavanagh has not exhausted his state court remedies as to this claim. See Coningford, 640 F.3d at 483 (finding no fair presentation of a federal claim where claim concerning evidence admitted under

---

[6] Granted, Cavanagh declared that he had been deprived of an opportunity to subject his other alleged victim to the "crucible of cross-examination." Pet.'s R.I. Supreme Ct. Br. at 29. However, such a bare assertion falls short of a fleshed-out Confrontation Clause analysis.

8

404(b) described as abuse of discretion rather than violation of Fifth, Sixth, and Fourteenth Amendments); see also Adelson v. DiPaola, 131 F.3d 259, 263 (1st Cir. 1997) (holding petitioner did not exhaust his remedies because he "relied only upon [state] case law and debated the assignment of error exclusively in state-law terms").

As for the claims pertaining to the prosecutor's questions and statements about Cavanagh's wife and son, Cavanagh's brief to the Rhode Island Supreme Court mentioned that his attorney at trial had raised their "constitutional dimensions." Pet.'s R.I. Supreme Ct. Br. 11 n.4.[7] However, "'passing reference' to a constitutional issue will not preserve it for habeas review." Fortini v. Murphy, 257 F.3d 39, 44 (1st Cir. 2001) (quoting Martens, 836 F.3d at 717); see also Adelson, 131 F.3d at 263 ("mere incantation[s] of constitutional buzzwords, unaccompanied by any federal constitutional analysis, [do] not suffice to carry the burden of demonstrating fair presentment of a federal claim").

---

[7] For example, Cavanagh asserted in his Brief to the Rhode Island Supreme Court that "during the hearing of Mr. Cavanaugh's Motion for a New Trial, defense counsel asked the trial court to reexamine his ruling on the state's cross-examination questions concerning both Mr. Cavanaugh's son and wife . . . [H]e contended[] the error was one with constitutional dimensions." Pet.'s R.I. Supreme Ct. Br. 11. n.4; see also id. at 12 (quoting assertion of trial attorney at side bar that "burden shifting is unconstitutional.").

Cavanagh's allusions to the Constitution were vague, conclusory, and ultimately peripheral to the thrust of his argument before the Rhode Island Supreme Court. He "cited no specific constitutional provision, tendered no substantive federal claim, and relied on no federal constitutional precedent." Coningford, 640 F.3d at 482. Furthermore, the relevant portions of the state court decisions Cavanagh leaned upon were not constitutional in focus.[8]

The exhaustion requirement is not satisfied by mere identity between those facts referenced on direct appeal and those facts referenced in the habeas application; there also must be identity of legal theory in state and federal courts. See Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987). Here, Cavanagh did not present on direct appeal any federal questions "face-up and squarely." Martens, 836 F.2d at 717. Therefore, the petitioner has not exhausted his state court remedies as to the claims concerning the admission of prior bad act and the prosecutor's purportedly prejudicial statements.[9]

---

[8] For example, Jefferson v. State, 353 A.2d 190 (R.I. 1976), touches directly on constitutional matters only as to a defendant's right to testimonial silence. State v. Taylor, 425 A.2d 1231 (R.I. 1981), on which Cavanagh heavily depended, contains no utterances concerning the Constitution.

[9] Even if the Court determined that Cavanagh had properly exhausted his state court remedies on every claim but ineffective assistance of counsel, his petition would still be

10

III. CONCLUSION

For the foregoing reasons, the Court GRANTS the State's Motion to Dismiss, ECF No. 4, and DENIES and DISMISSES Cavanagh's Petition for Writ of Habeas Corpus, ECF No. 1.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
District Judge
Date: May 1, 2020

---

mixed, and therefore subject to dismissal. See Rose, 455 U.S. at 522; see also Rhines v. Weber, 544 U.S. 269, 275 (2005) (holding that a district court may "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims," but such a dispensation is appropriate only when petitioner shows "good cause," id. at 277).  Good cause has not been shown here.